**LAW OFFICES ROSEMARIE ARNOLD**
**1386 Palisade Avenue**
**Fort Lee, New Jersey 07024**
**(201) 461-1111**
**Attorneys for Plaintiff**
**Attorney ID# 034241986**

| | |
|---|---|
| Plaintiffs,<br><br>**MARY MOE** whose initials are K.O., **JANE DOE**, whose initials are I. P., a minor by her Guardian ad Litem K.O. and K.O., **Individually**<br><br>vs.<br><br>Defendants,<br><br>**TOWNSHIP OF WOODBRIDGE** , its agents, servants and/or employees, **DETECTIVE JUAN CARLOS BONILLA, JR.**, in his official and individual capacity, **DETECTIVE BRIAN JAREMCZAK**, in his official and individual capacity, **DETECTIVE SHAYNE BODNAR**, in his official and individual capacity, **DETECTIVE PATRICK HARRIS**, in his official and individual capacity, **DETECTIVE NICOLE HUBNER**, in her official and individual capacity, **PATROLMAN JEIAN RASTEGARPANAH**, in his official and individual capacity, **CHIEF LAW ENFORCEMENT OFFICER CAPTAIN ROY HOPPOCK** in his official supervisory and individual capacity, **DEPUTY POLICE DIRECTOR JOSEPH NISKY**, in his official supervisory and individual capacity, **POLICE DIRECTOR ROBERT HUBNER**, in his official supervisory and individual capacity, **CITY OF SOUTH AMBOY**, its agents, servants and/or employees, **PATROLMAN ROBERT BESNER**, in his official and individual capacity, **SARGEANT RICHARD WOJACZYK**, in his official and individual capacity, **POLICE CHIEF DARREN LAVIGNE**, in his official supervisory and individual capacity, **STATE OF NEW** | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br><br>CIVIL ACTION  NO.:<br><br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

JERSEY, its agents, servants and/or employees, **KEISHA RIDLY**, in her official and individual capacity, **JACQUELINE CARDONA**, in her official supervisory and individual capacity, **HAYDEE ZAMORA-DALTON**, in her official supervisory and individual capacity, **CARMEN DIAZ-PETTI**, in her official supervisory and individual capacity, **CHRISTINE NORBUT BEYER, M.S.W.**, in her official supervisory and individual capacity, **ABC CORP. 1-10, POLICE OFFICER JOHN DOE 1-20**, in his/her official and individual capacities, **SUPERIOR POLICE OFFICER ROB ROE 1-10**, in his/her official supervisory and individual capacity, **DEF CORP 1-10**, **GHI CORP. 1-10**, **BOB BOE 1-10** in his/her official and individual capacities, **SUPERVISOR PAULA POE 1-10** in his/her official supervisory and individual capacity (the last seven being fictitious designations)

Plaintiffs, MARY MOE whose initials are K.O., JANE DOE, whose initials are I. P. a minor by her Guardian ad Litem, K.O. and K.O., Individually, residing at 124 Adamecs Way, South Amboy, New Jersey, by way of Complaint against Defendants say, upon information and belief:

## I.    INTRODUCTION

1.    This is an action brought by K.O., and JANE DOE, whose initials are I. P., a minor by her Guardian ad Litem, K.O. and K.O., Individually to, *inter alia*; to vindicate profound deprivations of their constitutional rights as well as personal injuries, caused by, *inter alia*; police brutality and misconduct.

2.    The action involves police brutality and misconduct perpetrated upon Plaintiff, K.O. on June 21, 2018, at the home she shared with her 9 year old daughter, I.P. located at 124 Adamecs Way in South Amboy, New Jersey.

2

3.      At the aforesaid time and place, Defendants, DETECTIVE JUAN CARLOS BONILLA, JR. and DETECTIVE BRIAN JAREMCZAK, who were acting within the course and scope of their employment with the Woodbridge Police Department and who were dressed in "plain clothes" wrongfully and/or illegally entered her townhouse by breaking down the entrance door to the basement of her 3 story home without a proper search warrant.

4.      After wrongfully and/or illegally entering her home, both of the aforesaid police officers kicked and otherwise physically abused her three dogs then proceeded to the third floor of the residence where Plaintiff, K.O. was located.

5.      At the aforesaid time and place, Plaintiff, K.O. was naked, in the bathroom of the third floor residence with the shower running, as she prepared to take a shower.

6.      At the aforesaid time and place, both of the above named defendants broke the door to the bathroom where Plaintiff, K.O. was naked and entered the bathroom without her permission.

7.      At the aforesaid time and place, after the above named Defendants entered the bathroom, Defendant BONILLA hit the naked and defenseless Plaintiff, K.O. in the face and knocked her out cold. Plaintiff K.O. fell to the ground naked and "spread eagle".

8.      When Plaintiff K.O. regained consciousness, the defendants above were positioned between her legs and there was blood everywhere. Defendants named above then verbally berated Plaintiff K.O. and refused to allow her to put her clothes on.

9.      Thereafter, while Plaintiff K.O. was still naked on the bathroom floor the Defendants named above grabbed her by the arm, pulled her off of the floor and forcefully threw her onto her bed, causing Plaintiff to fear for her safety and her life.

10.     Eventually, Plaintiff K.O. was falsely imprisoned and falsely arrested, which charges were ultimately dismissed in their entirety on May 31, 2019.

3

11.    As a result of the above stated misconduct and brutality on the part of the above named Defendants, Plaintiff, JANE DOE, whose initials are I. P., a minor by her Guardian ad Litem, K.O. was unlawfully taken from her mother, Plaintiff K.O.'s custody by Defendant, STATE OF NEW JERSEY through the Department of Children and Families Child Protection and Permanency Unit, for approximately 3 months.

## II. JURISDICTION AND VENUE

12. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

13.  Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

14.  This case is instituted in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## III.    NOTICE OF CLAIM

15. On September 17, 2018, within ninety days of the incident, Plaintiff filed Notices of Claim upon Defendants, TOWNSHIP OF WOODBRIDGE, CITY OF SOUTH AMBOY,

STATE OF NEW JERSEY by delivering copies of the notices to the persons designated by law as persons to whom such claims may be served.

16. The Notices of Claim were in writing and contained the name and address of the Plaintiff.

17. The Notices of Claim set out the nature of the claim, the time when, as well as the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

18. The above Defendants have neglected and failed to adjust the claims within the statutory time period.

## IV.    PARTIES

19. At all times relevant hereto, Plaintiffs, K.O. (hereinafter "K.O." or "Plaintiff") and JANE DOE, whose initials are I. P. (hereinafter "I.P."), a minor by her Guardian ad Litem, K.O. and K.O., Individually were residents of the City of South Amboy, County of Middlesex, State of New Jersey and citizens of the United States of America.

20. Defendant TOWNSHIP OF WOODBRIDGE, its agents, servants and/or employees (hereinafter "WOODBRIDGE) and/or ABC CORP 1-10 (hereinafter "ABC CORP") is a New Jersey municipal corporation and is the legal entity responsible for itself and for the Woodbridge Police Department. Defendant WOODBRIDGE assumes the risks incidental to the maintenance of a police force and the employment of police officers and detectives. The Township of Woodbridge Police Department operates a Special Investigation Unit which provides for law enforcement to address criminal activity involving *inter alia*; drugs. This Defendant employed, supervised and controlled the individual Defendants set forth in paragraphs 19 to 27 below and is a proper entity to be sued under 42 U.S.C. § 1983.

5

21. At all times relevant hereto, Defendant DETECTIVE JUAN CARLOS BONILLA, JR., in his official and individual capacity (hereinafter BONILLA) and Police Officer John Doe 1-10 (hereinafter "DOE") are and were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant WOODBRIDGE. At all times relevant herein, the individual defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

22. At all times relevant hereto, Defendant DETECTIVE BRIAN JAREMCZAK, in his official and individual capacity (hereinafter JAREMCZAK) and DOE are and were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant WOODBRIDGE. At all times relevant herein, the defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and

6

were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

23. At all times relevant hereto, Defendant DETECTIVE SHAYNE BODNAR, in his official and individual capacity (hereinafter BODNAR) and DOE are and were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant WOODBRIDGE. At all times relevant herein, the defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

24. At all times relevant hereto, Defendant DETECTIVE PATRICK HARRIS, in his official and individual capacity (hereinafter HARRIS) and DOE are and were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant WOODBRIDGE. At all times relevant herein, the defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were

7

otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

25. At all times relevant hereto, Defendant DETECTIVE NICOLE HUBNER, in her official and individual capacity (hereinafter HUBNER) and DOE are and were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant WOODBRIDGE. At all times relevant herein, the defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

26. At all times relevant hereto, Defendant PATROLMAN JEIAN RASTEGARPAN, in his official and individual capacity (hereinafter RASTEGARPAN) and DOE are and were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant WOODBRIDGE. At all times relevant herein, the defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and

8

were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

27.    At all times relevant herein, CHIEF LAW ENFORCEMENT OFFICER CAPTAIN ROY HOPPOCK, in his official supervisory and individual capacity (hereinafter "HOPPOCK") and ROE are and were the officers in charge of the Woodbridge Police Department, were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant, WOODBRIDGE. At all times the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. On information and belief, they also hired and/or trained and/or supervised Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN and/or DOE.

28.    At all times relevant herein, DEPUTY POLICE DIRECTOR JOSEPH NISKY, in his official supervisory and individual capacity (hereinafter "DEPUTY NISKY") and ROE are and were the highest ranking supervisory officials in charge of the Woodbridge Police Department, were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant, WOODBRIDGE. At all times the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs

9

and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties.  Upon information and belief, they also hired and/or trained and/or supervised Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN and/or DOE and HOPPOCK and/or ROE.

29.     At all times relevant herein, POLICE DIRECTOR ROBERT HUBNER, in his official supervisory and individual capacity (hereinafter "DIRECTOR HUBNER") and ROE are and were the highest ranking supervisory officials in charge of the Woodbridge Police Department, were duly appointed and acting officers, servants, employees and agents of the Woodbridge Police Department, a municipal agency of Defendant, WOODBRIDGE.  At all times the Defendants were citizens of the United States and residents of the State of New Jersey and were acting  under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the Township of Woodbridge and the Township of Woodbridge Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant WOODBRIDGE, were acting for, and on behalf of, and with them power and authority vested in him by the Defendant WOODBRIDGE and the Woodbridge Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties.  On information and belief, they also hired and/or trained and/or supervised Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN and/or DOE and HOPPOCK and/or DEPUTY NISKYand/or ROE.

10

30. Defendant CITY OF SOUTH AMBOY, its agents, servants and/or employees (hereinafter "SOUTH AMBOY) and/or DEF CORP 1-10 (hereinafter "DEF CORP") is a New Jersey municipal corporation and is the legal entity responsible for itself and for the South Amboy Police Department. Defendant SOUTH AMBOY assumes the risks incidental to the maintenance of a police force and the employment of police officers. This Defendant employed, supervised and controlled the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

31. At all times relevant hereto, Defendant PATROLMAN ROBERT BESNER, in his official and individual capacity (hereinafter "BESNER") and Police Officer John Doe 1-20 (hereinafter "DOE") are and were  duly appointed and acting officers, servants, employees and agents of the South Amboy Police Department, a municipal agency of Defendant SOUTH AMBOY. At all times relevant herein, the defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City of South Amboy and the City of South Amboy Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant SOUTH AMBOY were acting for, and on behalf of, and with the power and authority vested in them by the Defendant SOUTH AMBOY and the South Amboy Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. They are sued in their official and individual capacities.

32. At all times relevant herein, SARGEANT RICHARD WOJACZYK , in his official supervisory and individual capacity (hereinafter "WOJACZYK") and ROE are and were  the officers in charge of the South Amboy Police Department and were duly appointed and acting officers, servants, employees and agents of the South Amboy Police Department, a municipal

11

agency of Defendant, SOUTH AMBOY. At all times relevant herein, the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City of South Amboy and the City of South Amboy Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant SOUTH AMBOY, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant SOUTH AMBOY and the South Amboy Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. Upon information and belief, they also hired and/or trained and/or supervised Defendant BESNER and/or DOE.

33. At all times relevant herein, POLICE CHIEF DARREN LAVIGNE, in his official supervisory and individual capacity (hereinafter "CHIEF LAVIGNE") and ROE are and were the highest ranking supervisory officials in charge of the South Amboy Police Department, were duly appointed and acting officers, servants, employees and agents of the South Amboy Police Department, a municipal agency of Defendant, SOUTH AMBOY. At all times relevant herein, the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City of South Amboy and the City of South Amboy Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant SOUTH AMBOY, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant SOUTH AMBOY and the South Amboy Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. Upon information and belief, they

12

also hired and/or trained and/or supervised Defendants BESNAR and/or DOE and WOJACZYK and/or ROE.

34.    Defendants STATE OF NEW JERSEY is the legal entity responsible for itself and for the DEPARTMENT OF CHILDREN AND FAMILIES CHILD PROTECTION AND PERMANENCY UNIT, its agents, servants and/or employees and/or GHI CORP 1-10, a State created agency responsible for the care, custody and supervision of certain minors, such as Plaintiff, I.P., and which agency wrongfully took the infant Plaintiff, I.P., under its care, supervision and control.

35. At all times relevant hereto, Defendants KEISHA RIDLY (hereinafter "RIDLY") in her official and individual capacity and/or BOB BOE 1-10 (hereinafter "BOE") are and were employees and/or case workers of Defendant STATE OF NEW JERSEY's Department of Children and Families Child Protection and Permanency Unit, its agents, servants and/or employees and/or GHI CORP 1-10 assigned to provide for the well-being of the infant, Plaintiff, I.P. They are sued in their official and individual capacities.

36.    At all times relevant herein, JACQUELINE CARDONA, (hereinafter "CORDONA") in her official supervisory and individual capacity and Supervisor PAULA POE 1-10 (hereinafter "POE") are and were the highest ranking supervisory officials in charge of the Defendant STATE OF NEW JERSEY's Department of Children and Families Child Protection and Permanency Unit, were duly appointed and acting officers, servants, employees and agents of the Department of Children and Families Child Protection and Permanency Unit, an agency of Defendant, STATE OF NEW JERSEY. At all times relevant herein the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the Department of Children and Families Child Protection and Permanency Unit,

13

in the course and scope of their duties and functions as agents, servants, and employees of Defendant STATE OF NEW JERSEY, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant STATE OF NEW JERSEY and the Department of Children and Families Child Protection and Permanency Unit, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. Upon information and belief, they also hired and/or trained and/or supervised Defendants BOE.

37. At all times relevant herein, HAYDEE ZAMORA-DALTON, (hereinafter "ZAMORA-DALTON") in her official supervisory and individual capacity and Supervisor PAULA POE 1-10 (hereinafter "POE") are and were the highest ranking supervisory officials in charge of the Defendant STATE OF NEW JERSEY's Department of Children and Families Child Protection and Permanency Unit, were duly appointed and acting officers, servants, employees and agents of the Department of Children and Families Child Protection and Permanency Unit, an agency of Defendant, STATE OF NEW JERSEY. At all times relevant herein the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the Department of Children and Families Child Protection and Permanency Unit, in the course and scope of their duties and functions as agents, servants, and employees of Defendant STATE OF NEW JERSEY, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant STATE OF NEW JERSEY and the Department of Children and Families Child Protection and Permanency Unit, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. Upon information and belief, they also hired and/or trained and/or supervised Defendants BOE.

14

38. At all times relevant herein, CARMEN DIAZ-PETTI, (hereinafter "DIAZ-PETTI") in her official supervisory and individual capacity and POE are and were the highest ranking supervisory officials in charge of the Defendant STATE OF NEW JERSEY's Department of Children and Families Child Protection and Permanency Unit, were duly appointed and acting officers, servants, employees and agents of the Department of Children and Families Child Protection and Permanency Unit, an agency of Defendant, STATE OF NEW JERSEY. At all times the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the Department of Children and Families Child Protection and Permanency Unit, in the course and scope of their duties and functions as agents, servants, and employees of Defendant STATE OF NEW JERSEY, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant STATE OF NEW JERSEY and the Department of Children and Families Child Protection and Permanency Unit and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. Upon information and belief, they also hired and/or trained and/or supervised Defendants BOB BOE 1-10.

39. At all times relevant herein, CHRISTINE NORBUT BEYER, M.S.W., (hereinafter "NORBUT BEYER") in her official supervisory and individual capacity and POE are and were the highest ranking supervisory officials in charge of the Defendant STATE OF NEW JERSEY's Department of Children and Families Child Protection and Permanency Unit, were duly appointed and acting officers, servants, employees and agents of the Department of Children and Families Child Protection and Permanency Unit , an agency of Defendant, STATE OF NEW JERSEY. At all times the Defendants were citizens of the United States and residents of the State of New Jersey and were acting under color of the laws, statutes, ordinances, regulations,

15

policies, customs and/or usages of the State of New Jersey and the Department of Children and Families Child Protection and Permanency Unit, in the course and scope of their duties and functions as agents, servants, and employees of Defendant STATE OF NEW JERSEY, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant STATE OF NEW JERSEY and the Department of Children and Families Child Protection and Permanency Unit, and were otherwise performing and engaging in conduct incidental to the performance of their functions in the course of their duties. Upon information and belief, they also hired and/or trained and/or supervised Defendants BOB BOE 1-10.

40. Defendants WOODBRIDGE, SOUTH AMBOY, STATE OF NEW JERSEY, ABC CORP. 1-10, DEF CORP 1-10 and/or GHI CORP 1-10 are properly sued directly under 42 U.S.C. §1983 for their own decisions as well as their delegated, deliberately indifferent, unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and/or intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

41. The Defendants WOODBRIDGE, SOUTH AMBOY, STATE OF NEW JERSEY, ABC CORP. 1-10, DEF CORP 1-10 and/or GHI CORP 1-10 are also properly sued under 42 U.S.C. § 1983 for the challenged, delegated, final decisions of Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, RIDLY, DOES and/or BOES in their official and individual capacities, and for Defendants HOPPOCK, DEPUTY NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE, CARDONA, ZAMORA-DALTON, DIAZ-PETTI, NORBUT BEYER, ROES and/or POES and those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

16

## V.    STATEMENT OF FACTS

42. Plaintiff, K.O. is and was an Hispanic female who has been taught to and has always had the utmost respect for and believed in the value and integrity of law enforcement.

43. On June 21, 2018, K.O. was the victim of a group of rogue police officers who under the protection of their badges, abused their power and discretion under the law thus tarnishing the reputation of law abiding, hardworking and conscientious police officers of the State of New Jersey and in the United States of America.

44.    On or about June 21, 2018, K.O. was a 30 year old single mother who resided alone with her 8 year old daughter I.P. at 124 Adamecs Way in South Amboy, New Jersey and was doing her best to juggle 2 jobs and raise her daughter to be an upstanding, law abiding citizen.

45. On or about June 21, 2018, between the hours of 9:30 and 10:30 a.m., Plaintiff, K.O., who had finished getting her daughter, Plaintiff I.P. ready and taken her to school was doing nothing more than preparing to take a shower in the third floor bathroom of her home.

46. At the foresaid time and place, without possessing a proper warrant and without Plaintiff's permission, Defendants BONILLA and JAREMCZAK and/or DOE, broke down the basement entrance door to Plaintiff, K.O.'S residence and entered the basement of her home.

47.    From there, Defendants, BONILLA and JAREMCZAK and/or DOE proceeded to walk up the stairs to the first floor of Plaintiff's residence and entered the first floor of the residence.

17

48.     From there, Defendants, BONILLA and JAREMCZAK and/or DOE proceeded to walk up the stairs to the second floor of the residence when they encountered Plaintiff's dogs.

49.     Defendants physically abused Plaintiff K.O.'s dogs and threw them against the wall until they became docile.

50.     From there Defendants proceeded up the stairs to the third floor of the residence.

51.     Upon arrival on the third floor, Defendants, BONILLA and JAREMCZAK and/or DOE, without identifying themselves as police officers, broke down the door of the bathroom in which Plaintiff, K.O. was, Defendant Bonilla struck Plaintiff, K.O. in the face with such force that he fractured her nose, lacerated her face and caused her to fall to the ground.  Defendant, JAREMCZAK stood idly by and did nothing to help Plaintiff, K.O.

52.     Plaintiff, K.O. lost consciousness.

53.     When Plaintiff, K.O. regained consciousness Officer BONILLA and/or DOE were kneeling over her body staring at her vagina with his face between her legs and with his gun drawn as she was naked and bleeding on the floor while Officer JAREMCZAK and/or DOE stood at her feet with his gun drawn, frightening Plaintiff K.O. who believed that she had been burglarized and about to be raped.

54.     At the aforesaid time and place, after the officers finally identified themselves as "police", Plaintiff K.O., who was helplessly writhing in pain, crying and begging for mercy told to the armed, plain clothed officers, BONILLA, JAREMCZAK and/or DOE that she had done nothing wrong and was in terrible pain.  However, the police

officers, BONILLA, JAREMCZAK and/or DOE refused to release her from their imprisonment and instead told her to "shut the fuck up."

55.     Thereafter police officer, BONILLA and/or DOE continued to falsely imprison Plaintiff K.O. while he continued to physically assault her by grabbing and pulling her off the bathroom floor with one arm and throwing her on the bed with his gun drawn in the other hand, cursed at her and accused her of wrongdoing while Plaintiff, K.O. feared she would be further beaten and/or raped by Officers BONILLA, JAREMCZAK and/or DOE.

56.     Plaintiff, K.O., who was feeling pain, violated and vulnerable was worried about her dogs because they were barking and crying alternatively, tried to calm her dogs down fearing Officers BONILLA, JAREMCZAK and/or DOE would hit or kick them again and/or shoot them with their drawn guns all while saying to the Officers, "Where is your back up? Why are you here? Where is your warrant? You need to leave."  In response, Officers BONILLA, JAREMCZAK and/or DOE who did not have a warrant in their possession, told K.O. to "Shut the Fuck Up" and refused to let her use her cell phone or clean the blood from her face or get dressed despite her continued pleas to be able to do so.

57.     Approximately fifteen minutes later, Plaintiff, K.O., still lying on her bed naked and bleeding from her injuries, was thrown a gown by Officer JAREMCZAK and/or DOE, who finally heeded her request.

58.     At the aforesaid time and place, Defendants, BODNAR, HARRIS, HUBNER, RASTEGARPAN, DOE and/or ROE of the Woodbridge Police Department arrived at the premises, joined Defendants, BONILLA, JAREMCZAK and/or DOE and began searching Plaintiff, K.O.'s home, falsely claiming to have found residue of a controlled dangerous substance in a plastic bag, at which point Plaintiff, K.O. was placed under arrest and handcuffed.

19

59.     While Plaintiff, K.O. was handcuffed and sitting on her bed, Defendants BONILLA, JAREMCZAK and/or DOE stole $3,000.00 from her bedroom dresser.

60.     Thereafter, Defendants, BESNER, WOJACZYK, DOE and/or ROE of the Defendant's CITY OF SOUTH AMBOY's Police Department arrived at Plaintiff's residence with EMS personnel ostensibly to assess Plaintiff K.O.'s injuries.

61.     Plaintiff, K.O. observed Defendant, BESNER and/or DOE speaking with Defendant, BONILLA and/or DOE in the hall of the third floor of her townhouse while she sat on her bed and heard BONILLA and/or DOE refer to her as a "dirty drug dealing bitch." Plaintiff, K.O. asked Defendant, WOJACZYK and/or DOE "What is going on?", he responded "Do you see a Woodbridge badge on me? I don't know what they are doing, you should know."

62      Once Plaintiff, K.O. was arrested she was transported to the Woodbridge Police Department where she was put in a prisoner cell.

63.     Thereafter, before being transported to the Middlesex County prison, Plaintiff, K.O. was taken by Woodbridge Police Department to Raritan Bay Medical Center, wherein she was instructed to not speak to the medical personnel while remaining handcuffed to the hospital bed. When Plaintiff, K.O. attempted to speak with the emergency room physician, she was admonished by DOE not to speak.

64.     Thereafter, Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK, and/or DOE of the Woodbridge and/or South Amboy Police Department attempted to cover up their misconduct by filing police reports containing false information under the supervision and/or direction of Defendants, HOPPOCK, NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE.

20

65.    At all times mentioned herein, Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK, and/or DOE were employees acting within the course and scope of their employment with Defendant WOODBRIDGE and/or ABC CORP 1-10 and/or SOUTH AMBOY and/or DEF CORP 1-10 and improperly, unreasonably and unlawfully falsely assumed that Plaintiff, K.O. was involved with the sale of controlled dangerous substances.

66.    Upon information and belief, Defendants, BONILLA, JAREMCZAK BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE did not have a reasonable or good faith basis for believing that Plaintiff, K.O. was involved with the sale of controlled dangerous substances.

67.    Defendants, BONILLA, JAREMCZAK and/or DOE were equipped with visible firearms at the time that they wrongfully and/or unreasonably and/or unlawfully and/or improperly and/or falsely imprisoned, assaulted, sexually assaulted and/or detained Plaintiff, K.O.

68.    At all times relevant hereto, Defendants, BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE were acting as agents, servants and/or employees of Defendants, WOODBRIDGE and/or ABC CORP 1-10 and/or SOUTH AMBOY and/or DEF CORP 1-10 and were acting within the course and scope of their employment.

69.    Defendants, BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE  improperly, unreasonably, wrongfully and unlawfully detained and/or imprisoned and/or verbally accosted and/or beat and/or assaulted and/or sexually assaulted Plaintiff, K.O. with no reasonable or good faith basis.

21

70.    Defendants, BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE did not have probable cause to believe that Plaintiff, K.O. committed any crime and/or any act that warranted the aforesaid actions.

71.    Defendants, BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE did not have probable cause to detain and/or arrest Plaintiff, K.O..

72.    Defendants, BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE did not have probable cause to search the residence of Plaintiff, K.O.

73.    All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff K.O.'S federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendants WOODBRIDGE and/or ABC CORP. 1-10 and/or SOUTH AMOBY and/or DEF CORP. 1-10, HOPPOCK, NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE while Defendants , BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE acting under color of state law.

74.    With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant WOODBRIDGE and/or ABC CORP 1-10 and/or SOUTH AMBOY and/or DEF CORP 1-10 has continuously encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

a. failing to properly and sufficiently interview and hire;

b. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

c. by failing to adequately punish unconstitutional uses of force;

22

d. by tolerating the use of unconstitutional force;

e. by failing to properly and/or neutrally investigate citizen complaints of excessive force;

f. by tolerating, encouraging, and permitting collusive statements by involved officers in such situations; and

g. by negligently and recklessly retaining officers who wield unconstitutional use of force.

75.     It is the longstanding, widespread, deliberately indifferent custom, habit, practice and/ or policy of the Defendants WOODBRIDGE and/or ABC CORP. 1-10 and/or SOUTH AMBOY and/or DEF CORP 1-10 to permit police officers to wield excessive force against individuals when such force is unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

76.     Nonetheless, the defendants, WOODBRIDGE and/or ABC CORP. 1-10 and/or SOUTH AMBOY and/or DEF CORP 1-10 took no measures whatsoever to properly hire, train, supervise and/or retain their employees BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, BESNER, WOJACZYK and/or DOE in this regard.

77.     On information and belief, Defendants WOODBRIDGE, BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPAN, SOUTH AMBOY, BESNER and WOJACZYK have a history of citizen complaints and/or discipline.

78.     At no time during the course of the incident did Plaintiff K.O. pose a threat to the safety of Defendants or the public.  Plaintiff K.O. was not engaging in any

23

criminal activity but was ultimately arrested and/or verbally accosted and/or beaten and/or assaulted and/or sexually assaulted and/or imprisoned and/or wrongfully charged with a crime.

79.     The conduct of the Defendants in detaining Plaintiff K.O. and in using force against her, was totally without probable cause, was excessive, and was done maliciously, falsely and in bad faith.

80.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff K.O. has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment and property damage caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

81.     Plaintiff, K.O. also suffers persisting medical damage from her injuries, the extent of which has not yet been fully ascertained.

82.     Plaintiff K.O. also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

83.     By reason of the conduct of Defendants, Plaintiff K.O. has expended large sums of money for medical care and great sums will be incurred for future medical services.

84.     Defendants, BONILLA, JAREMCZAK and/or DOE knew they had no proper warrant to break down Plaintiff's door, nor did they have any reasonable basis to do so,

24

nonetheless they wrongfully knocked down the doors and assaulted, sexually assaulted imprisoned and arrested Plaintiff, K.O. rather than drop the charges when it was clear that Plaintiff, K.O. had committed no crime, they compounded their errors by fabricating evidence and falsifying their reports, lying to the grand jury, all of which led to causing the Defendant, STATE OF NEW JERSEY through the Department of Children and Families Child Protection and Permanency Unit to remove infant Plaintiff, I.P. from the comfort and care of her mother.

85.    As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff I.P. has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

86.    Plaintiff, I.P. also suffers persisting medical damage from her injuries, the extent of which has not yet been fully ascertained.

87.    By reason of the negligence of Defendants, large sums of money have been expended for Plaintiff, I.P.'s medical care and great sums will be incurred on her behalf and by her for future medical services during and after her minority.

## CAUSES OF ACTION
### FIRST COUNT: EXCESSIVE FORCE AND COVER UP
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**

(against Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE, HOPPOCK, NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE)

88.    Plaintiff repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

25

89.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

90.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

91.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Woodbridge Police Department police officers and/or South Amboy Police Department police officers and their acts or omissions were conducted within the scope of their official duties or employment.

92.    At the time of the complained of events, Plaintiff K.O. had clearly established her constitutional right under the Fourth Amendment to be secure in her person from unreasonable search and seizure through excessive force.

93.    Plaintiff K.O. also had clearly established her Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

94.    Any reasonable police officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

95.    Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK, DOE, HOPPOCK, NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE'S actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

96.    Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK, DOE, HOPPOCK, NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE'S actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff K.O.'S, federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

26

97.    Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK, DOE, HOPPOCK, NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE unlawfully searched Plaintiff's home, seized Plaintiff, K.O., by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff K.O. of her freedom.

98.    The force used constituted deadly force in that it could have caused death and did cause serious bodily injury to Plaintiff K.O..

99.    None of the Defendant officers took reasonable steps to protect Plaintiff K.O. from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

100. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff K.O.'S federally protected constitutional rights.

101. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

102.  The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

103. These individual Defendants acted in concert and joint action with each other.

104. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

105. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

106. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff K.O.

107. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including

27

medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

108. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

109. In addition to compensatory, economic, consequential and special damages, Plaintiff K.O. is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND COUNT: DENIAL OF MEDICAL CARE
### DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983
(against Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE )

110. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

111. Members of the Woodbridge and South Amboy Police Departments have an affirmative duty to seek medical attention to persons who are injured in the course of being apprehended by the police.

112. Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE were in the immediate vicinity of Plaintiff K.O. when she was hit in the face, and were aware that Plaintiff K.O. was experiencing physical pain as a result of BONILLA, JAREMCZAK and/or DOE's use of excessive and unnecessary force, but took no action to provide or request medical care for Plaintiff K.O., disregarding the obvious risk to Plaintiff's health.

28

113. The conduct and actions of Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE acting under color of law, in failing to request or obtain medical attention for Plaintiff K.O., was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

114. As a direct and proximate result of the foregoing, Plaintiff K.O. was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

115. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

116. In addition to compensatory, economic, consequential and special damages, Plaintiff K.O. is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

### THIRD COUNT: FALSE IMPRISONMENT

(Against Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE )

117.   Plaintiff repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

29

118.    Defendants intentionally confined Plaintiff at 124 Adamecs Way, South Amboy, New Jersey without her consent.

119.    Defendants knew, or should have known, that they had no lawful authority to detain Plaintiff.

120.    Defendants confined Plaintiff unlawfully for numerous hours.

121.    Defendants' conduct constituted false imprisonment of Plaintiff.

122.    As a result of the false imprisonment, Plaintiff suffered damages.

123.    As a proximate cause and reasonably foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

124.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

125.    In addition to compensatory, economic, consequential and special damages, Plaintiff K.O. is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FOURTH COUNT: ASSAULT AND BATTERY

## COMMON LAW CLAIM

126. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

127.    By the conduct and actions described above, Defendants BONILLA, JAREMCZAK and/or DOE, inflicted the torts of assault and battery upon Plaintiff.  The acts and

30

conduct of Defendants BONILLA, JAREMCZAK and/or DOE were the proximate cause and reasonably foreseeable result of injury and damage to Plaintiff K.O., and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

128. Defendants BONILLA, JAREMCZAK and/or DOE's acts constituted an assault upon Plaintiff K.O. in that or BONILLA, JAREMCZAK and/or DOE intentionally attempted to injure Plaintiff or commit a battery upon her.

129. Defendants BONILLA, JAREMCZAK and/or DOE's acts constituted a battery upon Plaintiff K.O. in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

130. The actions of Defendants BONILLA, JAREMCZAK and/or DOE's were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants BONILLA, JAREMCZAK and/or DOE knew, or should have known, that his/her actions were without the consent of Plaintiff K.O.

131. The injuries sustained by Plaintiff K.O. were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

132. As a direct and proximate cause and reasonably forseeable result of the foregoing, Plaintiff K.O. was subjected to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured.

## FIFTH COUNT: SEXUAL ASSAULT
### COMMON LAW

133. At the aforesaid time and place, Defendants BONILLA, JAREMCZAK and/or DOE, did negligently, carelessly and/or recklessly restrain, sexually assault, sexually abuse,

accost, fondle and/or watched other officers do the same without taking action to stop the sexual assault of the Plaintiff, K.O.

134. As a proximate cause and reasonably foreseeable result of the above actions of the Defendants, the Plaintiff, K.O., was caused to sustain and continues to sustain severe, permanent, physical and psychological injuries, was disabled, has suffered and will continue to suffer great physical and mental torment and will be compelled to spend great and diverse sums of money for medical aid and treatment and psychological counseling.

## SIXTH COUNT

**Monell Claim**
**Violation of 42 U.S.C. §1983 – Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. §1981**
(Against Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP. 1-10, DEF CORP 1-10 HOPPOCK, DEPUTY NISKY, DIRECTOR HUBNER, CHIEF LAVIGNE and/or ROE)

135. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

136. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

137. Plaintiff, K.O. had the following clearly established rights at the time of the complained of conduct:

a. the right to be secure in her person from unreasonable seizure through excessive force, under the Fourth Amendment;

b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

32

c. the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981;

138.   Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP. 1-10 and/or DEF CORP 1-10 knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

139.   The acts or omissions of these Defendants, as described herein, deprived Plaintiff K.O. of her constitutional and statutory rights and caused her other damages.

140.   The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

141.   Defendants are not entitled to qualified immunity for the complained of conduct.

142.   Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP. 1-10 and/or DEF CORP 1-10 at all times relevant, were policymakers for the Township of Woodbridge and/or City of South Amboy, and in that capacity established policies, procedures, customs, and/or practices for the same.

143.   These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff K.O.'S constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

144.   Defendants, WOODBRIDGE, HOPPOCK, DEPUTY NISKY, DIRECTOR HUBNER, SOUTH AMBOY, CHIEF LAVIGNE, ROE, ABC CORP 1-10 and/or DEF CORP 1-10 have created and tolerated an atmosphere of lawlessness, and have developed and maintained

33

long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, of its officers that condoned and fostered unconstitutional conduct of the individual defendants, and were a direct and proximate cause of policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP 1-10 and/or DEF CORP 1-10 including the failure: to properly hire and retain, to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP 1-10 and/or DEF CORP 1-10.

145. Upon information and belief, Defendants, WOODBRIDGE, HOPPOCK, DEPUTY NISKY, DIRECTOR HUBNER, SOUTH AMBOY, CHIEF LAVIGNE, ROE, ABC CORP 1-10 and/or DEF CORP 1-10, acting through the Woodbridge and South Amboy Police Departments, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause.

146. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered actual physical, mental and emotional injuries and pain, mental anguish, suffering, humiliation and embarrassment as well as other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

34

147. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## SEVENTH COUNT: NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING

### COMMON LAW CLAIM

148.    Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

149. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of hiring, training and/or supervision and/or retention is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

150. The deliberately indifferent hiring, training and supervision and/or retention provided by Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP 1-10 and/or DEF CORP 1-10 resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP 1-10 and/or DEF CORP 1-10 and were moving forces in the negligent hiring, supervision, retention and training complained of by Plaintiff K.O.

151.    Defendants WOODBRIDGE, SOUTH AMBOY, ABC CORP 1-10 and/or DEF CORP 1-10 and/or negligently hired, trained, supervised and retained Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE who were **unfit** for their jobs.  As a proximate cause and reasonably

35

foreseeable result of the acts and conduct of Defendants BONILLA, JAREMCZAK, BODNAR, HARRIS, HUBNER, RASTEGARPANAH, BESNER, WOJACZYK and/or DOE, Plaintiff was caused to sustain property damage, serious and permanent physical and psychological injuries and sustain medical bills and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

152. As a result of the foregoing, Plaintiff K.O. was deprived of her liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## EIGHTH COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## COMMON LAW CLAIM

153.   Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

154.   Defendants BONILLA, JAREMCZAK and/or DOE's conduct in hitting Plaintiff in the face with force as well as the sexually assaulting Plaintiff, K.O., without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, conduct which exceeded all reasonable bounds of decency.

155. Defendants BONILLA, JAREMCZAK and/or DOE's conduct, described above, was intended to and did cause severe emotional distress to Plaintiff K.O.

156. The conduct of Defendants BONILLA, JAREMCZAK  and/or DOE's was the proximate cause and reasonably forseeable result of injury and damage to Plaintiff K.O. and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

157. As a result of the foregoing, Plaintiff K.O. was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## NINTH COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### COMMON LAW CLAIM

158. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

159. Defendants BONILLA, JAREMCZAK and/or DOE's conduct, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, K.O. and caused severe emotional distress to Plaintiff.

160. The acts and conduct of Defendants BONILLA, JAREMCZAK and/or DOE's was the direct and proximate cause of injury and damage to Plaintiff K.O. and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New Jersey.

161. As a result of the foregoing, Plaintiff K.O. was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

## TENTH COUNT: NEGLIGENCE

### COMMON LAW CLAIM

162. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

163. Defendants BONILLA, JAREMCZAK and/or DOE's, while acting as agents and employees for Defendant, WOODBRIDGE, in their capacity as police officers for WOODBRIDGE, owed a duty to Plaintiff to perform their police duties without the use of excessive force. Defendants BONILLA, JAREMCZAK and/or DOE's use of force upon

37

Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants BONILLA, JAREMCZAK and/or DOE or to others constitutes negligence for which Defendants BONILLA, JAREMCZAK and/or DOE are individually liable.

164. Defendants BONILLA, JAREMCZAK and/or DOE's use of force upon Plaintiff K.O. when Defendants BONILLA, JAREMCZAK and/or DOE had no lawful authority to arrest Plaintiff K.O. or to use force against Plaintiff K.O. constitutes negligence for which Defendants BONILLA, JAREMCZAK and/or DOE are individually liable.

165. As a proximate cause and reasonably foreseeable result of Defendants BONILLA, JAREMCZAK and/or DOE's negligent use of excessive force, Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

## ELEVENTH COUNT

166. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

167. At all times relevant hereto, Defendants STATE OF NEW JERSEY, its agents, servants and/or employees, KEISHA RIDLY, in her official and individual capacity, GHI CORP 1-10 and/or BOB BOE 1-10 had a duty not to remove and/or fail to return minor Plaintiff I.P. to her mother and guardian ad litem, K.O.

168. At the aforesaid time and place and at various times before Defendants STATE OF NEW JERSEY, RIDLY, GHI CORP1-10 and/or BOE, did negligently, carelessly and recklessly remove and fail to return Plaintiff I.P. to her home thereby causing Plaintiff, I.P.., an infant, and her Guardian ad Litem, K.O. severe damage, whose safety and well-being is the statutory duty of Defendant STATE OF NEW JERSEY, RIDLY, GHI CORP 1-10 and/or BOE hereby breaching the duty owed to Plaintiffs.

169. At all times relevant hereto, Defendants RIDLY and/or BOE, were acting as agents, servants and employees of the Defendant, STATE OF NEW JERSEY and/or GHI CORP 1-10.

38

170.   Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10 are liable for the negligent and reckless acts of their agents, servants and/or employees.

171.   At all times relevant hereto, as a result of the negligence, carelessness and recklessness of Defendants aforesaid, the Plaintiff, I.P., an infant by her Guardian ad Litem K.O. and K.O. Individually, suffered severe and permanent injuries, has suffered and will continue to suffer great pain and torment, both mental and physical.

172.   As a further result of Defendants' aforesaid acts, and the injuries thereby caused to the Plaintiffs, the Plaintiffs have been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and have been and will be prevented from attending to their usual occupation, duties, activities and business.

## TWELFTH COUNT

173.   Plaintiffs repeat each and every allegation contained in the First Count of the Complaint, as if set forth herein at length.

174.   At all times relevant hereto, Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10, its agents, servants and/or employees had a duty to hire competent employees and conduct a reasonable investigation into the background of prospective employees, especially those being considered to counsel and monitor troubled youths, as well as to provide for their safety, care and well-being.

175.   At all times relevant hereto, Defendants breached their duty to the Plaintiffs and were negligent and acted unreasonably in the hiring, training, supervision and/or retention of Defendants RIDLY and/or BOE.

176.   At all times relevant herein, Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10, its agents, servants and/or employees, were negligent and acted in an unreasonable manner in that Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10, its agents, servants and/or employees, failed to conduct or conducted a background investigation or reference check of Defendants RIDLY and/or BOE, upon their application for employment with Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10, its agents, servants and/or employees, in an unreasonable manner.

177.   As a direct and proximate result of any and all of the foregoing acts and omissions and/or unreasonable conduct, Plaintiffs were severely damaged.

39

178.    As a result of the negligence and unreasonable conduct of Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10, its agents, servants and/or employees, the Plaintiffs suffered severe and permanent injuries, have suffered and will continue to suffer great pain and torment, both mental and physical.

179.    As a further result of Defendants' aforesaid negligence, and the injuries thereby caused to the Plaintiffs, the Plaintiffs have been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and have been and will be prevented from attending to their usual occupation, duties, activities and business.

## THIRTEENTH COUNT

180.    Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint, as if set forth herein at length.

181.    At all times relevant hereto, Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10 its agents, servants and/or employees had knowledge and information that Defendants RIDLY and/or BOE had a propensity for negligent and reckless acts.

183.    At all times relevant hereto, Defendants were under a duty to properly train, instruct, supervise and control their employees, such as Defendants RIDLY and/or BOE to prevent them from injuring innocent third parties such as the Plaintiff I.P., whose health and safety is the statutory duty of Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10.

184.    At all times relevant hereto, Defendant failed to properly train, instruct, supervise and control Defendants RIDLY and/or BOE and the aforesaid actions and/or inactions of the Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10, caused the Plaintiff I.P. to be severely injured.

185.    As a direct and proximate result of any and all of the foregoing acts and omissions, Plaintiff I.P., whose safety and well-being is the legislatively directed duty of Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10 was severely injured.

186.    As a result of the negligence and/or palpably unreasonable conduct of Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10 , its agents, servants and/or employees, the Plaintiff I.P. suffered severe and permanent injuries, has suffered and will continue to suffer great pain and torment, both mental and physical.

40

187. As a further result of Defendants' aforesaid negligence, and the injuries thereby caused to Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

## FOURTEENTH COUNT

188. Plaintiffs repeat the allegations contained in the First, Second and Third Counts of the Complaint as if set forth herein at length.

189. Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10, its agents, servants and/or employees actions and/or omissions were willful, wanton, reckless, unreasonable and/or grossly negligent.

190. As a direct and proximate result of any and all of the foregoing acts and omissions, Plaintiff I.P., whose safety and well-being is the statutorily mandated responsibility of the Defendant STATE OF NEW JERSEY and/or GHI CORP 1-10 was severely damaged.

191. As a result of the negligence, carelessness, recklessness and unreasonable conduct of the Defendants aforesaid and the breach of their statutory duties and responsibilities, the Plaintiff I.P. suffered severe and permanent injuries, has suffered and will continue to suffer great pain and torment, both mental and physical.

192. As a further result of Defendants' aforesaid acts, and the injuries thereby caused to Plaintiff I.P. the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

## FIFTEENTH COUNT

**Monell Claim**
**Violation of 42 U.S.C. §1983 – Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. §1981**
(Against Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10 )

193. Plaintiff repeats each and every allegation contained in all previous counts of the Complaint, as if set forth herein at length.

41

194. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

195. Plaintiff, I.P. had the following clearly established rights at the time of the complained of conduct:

a. To be free from unreasonable government interference with her family unit or her ability to be properly and lovingly raised by her mother and not to be removed from her home.

196. Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10 knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

197. The acts or omissions of these Defendants, as described herein, deprived Plaintiff I.P. of her constitutional and statutory rights and caused her other damages.

198. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

199. Defendants are not entitled to qualified immunity for the complained of conduct.

200. Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10 at all times relevant, were policymakers for the State of New Jersey Department of Children and Families, and in that capacity established policies, procedures, customs, and/or practices for the same.

201. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff I.P.'s constitutional

42

and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

202.    Defendants, STATE OF NEW JERSEY, CARDONA, ZAMORA-DALTON, DIAZ-PETTI, NORBUT BEYER, GHI CORP 1-10 and/or POE have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, policies, procedures, customs, practices, of its employees that condoned and fostered unconstitutional conduct of the individual defendants, and were a direct and proximate cause of policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10 including the failure: to properly hire and retain, to adequately supervise and train its employees and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its employees; (b) to properly and adequately monitor and discipline its employees, including Defendants; and (c) to adequately and properly investigate complaints of children being improperly removed from their homes, instead, acts of misconduct were tolerated by Defendants STATE OF NEW JERSEY and/or GHI CORP 1-10.

203.    Upon information and belief, Defendants, STATE OF NEW JERSEY, ZAMORA-DALTON, DIAZ-PETTI, BEYER, GHI CORP 1-10 and/or POE, acting through the State of New Jersey Department of Children and Families, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of removing children from their homes without a reasonable basis to believe that they have been harmed or are at risk of being harmed.

204. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered actual physical, mental and emotional injuries and pain, mental anguish, suffering, humiliation and embarrassment as well as other damages and losses as described herein entitling

43

her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

205. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## SIXTEENTH COUNT

### PER QUOD CLAIM FOR MEDICAL EXPENSES AND LOSS OF SERVICES/EARNINGS/COMPANIONSHIP/CONTRIBUTIONS

### COMMON LAW

206. Plaintiff repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

207. Plaintiff, K.O. is the mother and legal guardian of the Plaintiff, I.P.

208. As a proximate cause and reasonably foreseeable consequence of the negligence of the Defendants aforesaid, the Plaintiff, K.O., has been and will be caused to expend large sums of money for medical expenses on behalf of Plaintiff, I.P.; and is being and will be deprived of the services, earnings, companionship and/or contributions of the Plaintiff, I.P. for a long period of time.

209. As a proximate cause and reasonably foreseeable consequence of the negligence of the Defendants aforesaid, the Plaintiff, K.O., has been and will in the future be caused to lose wages while caring for and seeking treatment for her daughter, Plaintiff, I.P.

## SEVENTEENTH COUNT

## PER QUOD CLAIM FOR LOSS OF
## SERVICES/EARNINGS/COMPANIONSHIP/CONTRIBUTIONS

### COMMON LAW

210.  Plaintiff repeats each and every allegation contained in all previous facts of the Complaint, as if set forth herein at length.

211.  Plaintiff, I.P. is the minor daughter of the Plaintiff, K.O.

212.  As a proximate cause and reasonably foreseeable consequence of the negligence of the Defendants aforesaid, the Plaintiff, I.P., is being and will be deprived of the services, earnings, companionship and/or contributions of the Plaintiff, K.O. for a long period of time.

**WHEREFORE,** Plaintiffs demands the following relief jointly and severally against all of the Defendants:

A.  Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B.  Economic losses on all claims allowed by law;

C.  Special damages in an amount to be determined at trial;

D.  Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E.  Attorneys' fees and the costs associated with the action under 42 U.S.C. §1988, including expert witness fees, on all claims allowed by law;

F.  Pre- and Post-judgment interest at the lawful rate; and

G.  Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

45

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Natalie A. Zammitti Shaw, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by these Plaintiffs, and that there are no other parties, whom, to the knowledge of the Plaintiffs' counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ ROSEMARIE ARNOLD

Dated: June 21, 2019          ROSEMARIE ARNOLD

46