UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| MARY MOE, whose initials are K.O., JANE DOE, whose initials are I.P., a minor by her Guardian ad Litem K.O. and K.O., Individually | : Civil Action No. 2:19-cv-14139 |
| | : Hon. John Michael Vazquez, U.S.D.J. |
| Plaintiffs, | : Hon. Joseph A. Dickson, U.S.M.J. |
| v. | : **JOINT PROPOSED DISCOVERY PLAN** |
| TOWNSHIP OF WOODBRIDGE, its agents servants and/or employees, et al. | : Scheduling Conference: September 20, 2019 |
| Defendants. | : |

1. Set forth a brief description of the case, including the causes of action and defenses asserted.

**PLAINTIFF'S POSITION**

*Upon the advice of counsel, the following is a synopsis of the alleged facts of this matter. It is not intended to be a complete rendition of the facts, nor will these defendants agree to be bound by these facts if further discovery reveals greater details or ultimately conflicts with this early rendition on the matter.*

On or about June 21, 2018, Plaintiff, K.O. sustained permanent personal injuries during an illegal and/or wrongful entry of her home, which ultimately resulted in a physical and sexual assault committed by Defendants, DETECTIVE JUAN CARLOS BONILLA, JR. and DETECTIVE BRIAN JAREMCZAK, who were acting within the course and scope of their employment with the Woodbridge Police Department. Specifically, the incident occurred at 124 Adamecs Way in South Amboy, New Jersey when Plaintiff was naked, in the bathroom of the third floor residence with the shower running, as she prepared to take a shower. Plaintiff was the victim of excessive, unnecessary and improper use of force at the time of her arrest by

Defendants, DETECTIVE JUAN CARLOS BONILLA, JR. and DETECTIVE BRIAN JAREMCZAK. Plaintiff was falsely imprisoned and arrested, which charges were ultimately dismissed. As a result of the above misconduct and brutality, Plaintiff's daughter, I.P. was unlawfully taken from her by DYFUS for 3 months.

**Additionally, Plaintiffs' claims violations of their constitutional rights and common law. Causes of Action are as follows:**

I. **EXCESSIVE FORCE AND COVER UP- 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments** (against Defendants Bonilla, Jaremczak, Bodnar, Harris, Hubner, Rastegarpanah, Besner, Wojaczyk, Doe, Hoppock, Nisky, Director Hubner, Chief Lavigne and Roe)

II. **DENIAL OF MEDICAL CARE - DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. §1983** (against Defendants Bonilla, Jaremczak, Bodnar, Harris, Hubner, Rastegarpanah, Besner, Wojaczyk and Doe)

III. **FALSE IMPRISONMENT-** (Against Defendants Bonilla, Jaremczak, Bodnar, Harris, Hubner, Rastegarpanah, Besner, Wojaczyk and Doe)

IV. **ASSAULT AND BATTERY -COMMON LAW CLAIM** (Against Defendants Bonilla, Jaremczak and Doe)

V. **SEXUAL ASSAULT- COMMON LAW**(Against Defendants Bonilla, Jaremczak and Doe)

VI. **Monell Claim -Violation of 42 U.S.C. §1983 – Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth, and First Amendments and inViolation of 42 U.S.C. §1981** (Against Defendants Woodbridge, South Amboy, ABC Corp. 1-10. DEF Corp. 1-10, Hoppock, Deputy Nisky, Director Hubner, Chief Lavigne and/or Roe)

VII. **NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING COMMON LAW CLAIM** (Against Defendants Woodbridge, South Amboy, ABC Corp. 1-10 and/or DEF Corp. 1-10)

VIII. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- COMMON LAW CLAIM**

IX. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- COMMON LAW CLAIM**

X. **NEGLIGENCE- COMMON LAW CLAIM**

**XI. NEGLIGENT REMOVAL OF A MINOR FROM A HOME BY DYFUS**

**XII. NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING COMMON LAW CLAIM** (Against State of New Jersey, GHI Corp. 1-10 and/or Bob Boe 1-10)

**XIII. Monell Claim -Violation of 42 U.S.C. §1983 – Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. §1981**

**XIV. PARENTAL PER QUOD CLAIM FOR MEDICAL EXPENSES AND LOSS OF SERVICES/EARNINGS/COMPANIONSHIP/CONTRIBUTIONS- COMMON LAW**

**XV. MINOR PER QUOD CLAIM FOR LOSS OF SERVICES/ EARNINGS/ COMPANIONSHIP/CONTRIBUTIONS- COMMON LAW**

**WOODBRIDGE AND SOUTH AMBOY DEFENDANTS' POSITION**

Woodbridge Township obtained a warrant and lawfully entered the subject residence. The Woodbridge defendants specifically deny plaintiff's claims of sexual assault, improper use of force, and all causes of action asserted in the Complaint. The South Amboy defendants were not contacted and had no involvement as related to this matter, until after Woodbridge Township executed the warrant and plaintiff was in custody. The Woodbridge and South Amboy defendants deny all allegations of wrongdoing asserted in the Complaint. These defendants rely upon all available separate defenses as asserted or to be asserted in their respective Answers.

2. Have settlement discussions taken place?

**No, not at this time.**

If so, when?

(a) What was plaintiff's last demand?

(1) Monetary demand: **$ 500,000 .00 per count**

(2) Non-monetary demand: _________

(b) What was defendant's last offer?

(1) Monetary offer: ______________

(2) Non-monetary offer: ____________

3. The parties have ____________ have not __________ exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

**The parties will supply Rule 26 disclosures by September 20, 2019.**

4. Describe any discovery conducted other than the above disclosures.

**None at this time.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

**None at this time.**

6. **Proposed joint discovery plan**:

(a) Discovery is needed on the following subjects:

**The subjects for discovery include: All issued included in the Complaint and Separate Defenses, including but not limited to: (a) liability issues; (b) damages; (c) other litigation; (d) all other communications, which are required to be disclosed under new Local Rule 26.1(d)); and (e) affirmative defenses. Plaintiff contemplates that it will require discovery from Defendants, by way of responses to interrogatories, document demands, and depositions testimony, regarding the factual circumstances.**

(b) Should discovery be conducted in phases? If so, explain.

**The parties do not feel that discovery needs to be conducted in phases.**

(c) Number of interrogatories by each party to each other party.

**Maximum of 35 Interrogatories by each party to each party.**

(d) Number of depositions to be taken by each party:

**Maximum of 15 depositions to be taken by each party.**

(e) Plaintiff's expert reports due on ___________. Written discovery to be propounded by both parties **30** days following the initial scheduling conference.

**Plaintiff's expert reports due on** December 3, 2020.

(f) Defendants' expert reports due on ________________.

**Defendants' expert reports due on** February 3, 2021.

(g) Motions to Amend or Add Parties to be filed by__________.

**Motions to Amend or Add Parties to be filed by** March 20, 2020.

(h) Dispositive motions to be served within _ days after the completion of discovery.

**Dispositive motions to be served within** 45 **days after the completion of discovery.**

(i) Factual discovery to be completed by _________.

**Factual discovery to be completed by** August 20, 2020.

(j) Expert depositions to be completed by _________.

**Expert depositions to be completed by** December 3, 2020 .

(k) Set forth any special discovery mechanism or procedure required, including data preservation orders or protective orders:

**None known at this time.**

(l) A pre-trial conference may take place on _______.

**A pre-trial conference may take place on a date to be determined by the Court.**

(m) Trial date: ______.

**Trial date: on a date to be set by the Court (jury trial).**

7. Do you anticipate any discovery problem(s)? Yes ________ No _________

**None known at this time.**
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?

**None known at this time.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

   **Unable to be determined as discovery has not commenced.**

10. Is this case appropriate for bifurcation? Yes ___ No ___

    **No.**

11. We do______ do not _______consent to the trial being conducted by a Magistrate Judge.

**We do not consent to the trial being conducted by a Magistrate Judge.**

*/s/ Natalie A. Zammitti Shaw*

NATALIE A. ZAMMITTI SHAW, ESQ.
ROSEMARIE ARNOLD, ESQ.
LAW OFFICES ROSEMARIE ARNOLD
1386 Palisade Avenue
Fort Lee, New Jersey 07024
nzammitti@rosemariearnold.com
rarnold@rosemariearnold.com
twess@rosemariearnold.com
T: (201) 461-1111
F: (201) 461-1666
Attorney(s) for Plaintiff(s)

/s/

ALAN J. BARATZ, ESQ.
Attorney for Defendants, Woodbridge Township, City of South Amboy, Police Director Robert Hubner, Chief Law Enforcement Officer Captain Roy Hoppock, Deputy Police Director Joseph Nisky and Police Chief Darren Lavigne

*/s/ Marc D. Mory, Esq.*

MARC D. MORY, ESQ.
Attorney for Defendants, Detective Brian Jaremczak, Detective Shayne Bodnar, Detective Patrick Harris, Detective Nicole Hubner, Patrolman Jean Rastegarpanah, Detective Juan Carlos Bonilla, Jr., Patrolman Robert Besner and Sergeant Richard Wojaczyk