**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY MOE whose initials are K.O., JANE DOE, whose initials are I.P., a minor by her Guardian ad Litem K.O., and K.O., individually,<br><br>        *Plaintiffs*,<br><br>   v.<br><br>TOWNSHIP of WOODBRIDGE, *et al.*,<br><br>        *Defendants*. | Civil Action No. 19-14139 (JMV) (JAD)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter arises from alleged police misconduct that led to the arrest and incarceration of Plaintiff Mary Moe, and subsequent intervention from the State of New Jersey's Division of Child Protection and Permanency (DCPP), which temporarily removed Moe's daughter, Jane Doe, from their home. Presently before the Court is a motion to dismiss Plaintiffs' First Amended Complaint ("FAC") filed by Defendants State of New Jersey, Christine Norbut Beyer, Jacqueline Cardona, Haydee Zamora-Dalton, Carmen Diaz-Petti, and Keisha Ridley (collectively, the "State Defendants"). D.E. 27. The Court reviewed all the submissions in support and in opposition[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b)

---

[1] Defendants' brief in support of their motion is referred to as "Defs' Br.," D.E. 27-2; and Plaintiffs' brief in opposition is referred to as "Pls' Opp'n," D.E. 30-1.

and Local Civil Rule 78.1(b).  For the reasons discussed below, the motion to dismiss is **GRANTED.**

## I.     FACTUAL AND PROCEDURAL HISTORY[2]

Plaintiffs Moe and her daughter Doe were at all relevant times residents of South Amboy, New Jersey, where they shared a home.  FAC ¶ 2, 19.  At the time of the alleged incident, Moe was a thirty-year-old single mother of eight-year-old Doe.  *Id.* ¶ 44.  Defendant State of New Jersey is the legal entity responsible for the DCPP, which is "a State created agency responsible for the care, custody and supervision of certain minors."  *Id.* ¶ 34.  Defendant Ridley (identified as "Ridly" in the FAC) is an employee and/or case worker for DCPP.  *Id.* ¶ 35.  Defendants Cardona, Zamora-Dalton, Diaz-Petti, and Norbut Beyer are "supervisory officials in charge of" DCPP, whose responsibilities included hiring, training, and supervising other employees.  *Id.* ¶ 36-39.

Plaintiffs allege that on June 21, 2018, two detectives from the Woodbridge Police Department wrongfully entered Plaintiffs' home by breaking down the door and entering without a search warrant.  *Id.* ¶ 3, 46.  The incident occurred between 9:30 and 10:30 am, after Moe had dropped Doe off at school.  *Id.* ¶ 45.  Once in the home, Plaintiffs allege that the officers abused Plaintiffs' three dogs and also physically and sexually assaulted Moe.  *Id.* ¶¶ 4-9; 47-57.  The officers searched Plaintiffs' home, "falsely claim[ed] to have found residue of a controlled dangerous substance in a plastic bag," "stole $3,000 from [Moe's] bedroom dresser," and handcuffed and arrested Moe.  *Id.* ¶¶ 58-59.  Plaintiffs allege that Moe was falsely imprisoned and falsely arrested; the charges against her were dismissed on May 31, 2019.  *Id.* ¶ 10.

---

[2] The facts are derived from the FAC.  D.E. 12.  When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiffs continue that "rather than drop the charges when it was clear that [Moe] had committed no crime," the officers "compounded their errors by fabricating evidence and falsifying their reports, [and] lying to the grand jury, all of which led to causing the Defendant, State of New Jersey through the [DCPP] to remove infant [Doe] from the comfort and care of her mother." *Id.* ¶ 84. Doe was taken into custody by DCPP for approximately three months following the incident. *Id.* ¶ 11.

Plaintiffs filed a Complaint on June 21, 2019 against the State Defendants, fourteen other named defendants – including public entities and their employees – and seven fictitious defendants.[3] D.E. 1. On October 14, 2019, Plaintiffs filed a FAC. D.E. 12. The FAC includes five counts against the State Defendants: (1) Count 11, alleging that the State and Ridley, in her official and individual capacity, "negligently, carelessly and recklessly remove[d] and fail[ed] to return [Doe] to her home, FAC ¶¶ 166-72; (2) Count 12, alleging that the State "breached [its] duty to the Plaintiffs and [was] negligent and acted unreasonably in the hiring, training, supervision and/or retention" of Ridley, *id.* ¶¶ 173-79; (3) Count 13, alleging that the State "failed to properly train, instruct, supervise, and control" Ridley, *id.* ¶¶ 180-87; (4) Count 14, alleging that the State was "willful, wanton, reckless, unreasonable and/or grossly negligent," *id.* ¶¶ 188-92; and (5) Count 15, alleging that the State violated 42 U.S.C. § 1983 with "deliberately indifferent policies, practices, customs, training and supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981," *id.* ¶¶ 193-205. The State Defendants filed the present motion to dismiss on March 19, 2020. D.E. 27.

---

[3] The other named defendants include the Township of Woodbridge and individuals working for the Woodbridge Police Department, and the City of South Amboy and individuals working for the South Amboy Police Department. Plaintiffs voluntarily dismissed the claims against all South Amboy Defendants with prejudice on October 17, 2019. D.E. 14.

3

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss based upon sovereign immunity is properly brought pursuant to Rule 12(b)(1) because sovereign immunity implicates the Court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.")). In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). When a defendant does "not challenge the validity of any of the Plaintiff['s] factual claims as part of its motion," it has brought a facial challenge. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

Here, the State Defendants assert the defense of sovereign immunity through their motion to dismiss – "before [they] filed any answer to the Complaint or otherwise presented competing facts" – which renders it a facial attack. *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

4

## B. Federal Rule of Civil Procedure 12(b)(6)[4]

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

---

[4] Plaintiffs provide an incorrect standard of review for motions to dismiss. *See* Pls' Opp'n 8-10. Plaintiffs cite New Jersey Court Rule 4:6-2(e), however, Defendants' Motion to Dismiss is brought under Federal Rule of Civil Procedure 12(b)(6). The New Jersey Court Rule 4:6-2(e) standard articulated by Plaintiffs is rooted in "pre-*Twombly* and *Iqbal* jurisprudence." *Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 500 (D.N.J. 2012).

### III. ANALYSIS

#### A. Plaintiffs' Section 1983 Claim - Count 15

Count 15 of the FAC alleges a Section 1983 violation against the State of New Jersey[5] based on "deliberately indifferent policies, practices, customs, training and supervision in violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1981." FAC ¶¶ 193-205.[6] The State Defendants argue they are entitled to sovereign immunity and are not "persons" amenable to suit under Section 1983. Defs' Br. 10-11.

The Eleventh Amendment "bar[s] all private suits against non-consenting States in federal court." *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008)). "[I]t is clear that the States possess immunity from suit in the federal courts." *Lombardo*, 540 F.3d at 194-95. In addition, "[s]tates are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of [Section 1983]." *Blanciak*, 77 F.3d at 697 (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989)).

Eleventh Amendment immunity also extends to state departments and agencies that are arms of the state. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007) (citing *Regents of the Univ. of Ca. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp.*,

---

[5] Although the State Defendants' brief in support of their motion interprets the Section 1983 claim as being raised against all State Defendants, the FAC expressly states that Count XV is brought against the State of New Jersey and the fictitious entity GHI Corps. 1-10. Because the FAC does not make Section 1983 allegations as to the individual State Defendants, the Court does not address those arguments here.

[6] The FAC labels Count 15 as a "Monell Claim," however Monell liability does not reach a state or its agencies. *Will*, 491 U.S. at 70 (explaining that "we consequently limited our holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes" (internal quotation omitted)).

465 U.S. at 101)). DCPP (formerly the Division of Youth and Family Services) is organized within the Division of Children and Families ("DCF") and courts in the District of New Jersey "have firmly established that DCF is an arm of the state, and therefore entitled to sovereign immunity." *Craven v. Leach*, No. 14-1860, 2015 U.S. LEXIS 187209, *11 (D.N.J. Oct. 1, 2015) (citing cases). "It is . . . beyond dispute that DYFS – now DCPP – is an arm of the state and immune from suit under § 1983." *Id.* (internal quotation omitted).

Because the State of New Jersey is immune from suit under the Eleventh Amendment and because the State is not a person under Section 1983, Count 15 is dismissed as to the State.

### B. Plaintiffs' Tort Claims - Counts 11, 12, 13, and 14

Counts 11, 12, 13, and 14 of the FAC are rooted in negligence. Defendants move to dismiss these four Counts and argue that no supporting facts appear in the FAC, with the exception of the allegation included in Count 11 "that the Defendants removed and failed to return [Doe] to her mother." Defs' Br. 31.

Count 11 alleges that the State and Ridley, in her official and individual capacity, "had a duty not to remove and/or fail to return minor [Doe] to her mother" and that Defendants "did negligently, carelessly and recklessly remove and fail to return [Doe] to her home." FAC ¶¶ 167-68. Count 11 adds that the State is vicariously liable for the negligent and reckless actions of Ridley. *Id.* ¶ 172. Count 12 claims that the State "had a duty to hire competent employees and conduct a reasonable investigation into the background of prospective employees," and that Defendants "breached their duty to the Plaintiffs and were negligent and acted unreasonably in hiring, training, supervision and/or retention of" Ridley. *Id.* ¶ 174-75. Count 12 further alleges that the State "was negligent and acted in an unreasonable manner" by failing "to conduct . . . a background investigation or reference check" of Ridley when she applied for her position. *Id.* ¶

7

176.[7]  Count 13 alleges that the State "had knowledge and information" that Ridley "had a propensity for negligent and reckless acts"; that "Defendants were under a duty to properly train, instruct, supervise and control their employees . . . to prevent them from injuring innocent third parties"; and that "Defendants failed to properly train, instruct, supervise and control" Ridley. *Id.* ¶¶ 181-84.  Count 14 indicates that the State's "actions and/or omissions were willful, wanton, reckless, unreasonable and/or grossly negligent[.]" *Id.* ¶¶ 189-192.[8]

It is not apparent from the FAC which Defendants are subject to Counts 11, 12, 13, and 14. These Counts purportedly implicate the State and "its agents, servants and/or employees," among other fictitious entities.  FAC ¶¶ 167, 174, 181, 189.  It is not clear whether the FAC seeks to charge each of the individual State Defendants in these Counts as "agents, servants and/or employees."  Elsewhere in the FAC, by comparison, individual State Defendants are specifically named.  *See, e.g.*, *id.* ¶ 167 ("At all time relevant . . . Keisha Ridley, in her official and individual capacity . . . had a duty . . . ").

If the individual State Defendants are intended to be included *en masse*, the Counts rely on impermissible group pleading.  Mere "conclusory allegations against [d]efendants as a group" which "fail to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss.  *Galicki v. New Jersey*, No. 14-169, 2015 U.S. Dist. LEXIS 84365, at *8 (D.N.J. June 29, 2015).  Plaintiff must allege facts that "establish each individual [d]efendant's liability

---

[7] Count 12 also includes a statement that "Plaintiffs repeat every allegation contained in" Count 1. FAC ¶ 173.  Count 1's allegations concern the alleged excessive force of the Woodbridge Defendants.  *Id.* ¶ 88-109.  It is not clear how these factual allegations support Count 12.

[8] Count 14 also includes a statement that "Plaintiffs repeat the allegations contained in the First, Second, and Third Counts."  *Id.* ¶ 188.  The factual allegations in Counts 1, 2, and 3 concern the actions of the Woodbridge and South Amboy Defendants.  *Id.* ¶ 88-125.  It is not clear how these factual allegations support Count 14.

8

for the misconduct alleged." *Id.* When different defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which [d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 U.S. Dist. LEXIS, at *12 (D.N.J. Mar. 19, 2013) (emphasis in original). Otherwise, a complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11.

Moreover, the Court agrees with Defendants that Plaintiffs have failed to allege sufficient facts to support these tort claims. The FAC contains just one paragraph that pertains to Counts 11 through 14. It provides as follows:

> [R]ather than drop the charges when it was clear that [Moe] had committed no crime, [the officers] compounded their errors by fabricating evidence and falsifying their reports, lying to the grand jury, all of which led to causing the Defendant, State of New Jersey[,] through the [DCPP] to remove [Doe] from the comfort and care of her mother.

FAC ¶ 84.

Absent from the FAC are any factual allegations that adequately support Counts 11 through 14; the remaining allegations are conclusory. The counts are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[9]

### IV.   CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss is granted. D.E. 27. Plaintiffs' Section 1983 claim as against Defendant State of New Jersey (Count 15) is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs' tort claims as against all State Defendants (Counts 11 through 14) are dismissed without prejudice pursuant to

---

[9] In light of the foregoing analysis, the Court does not reach the additional arguments raised by Defendants.

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs are granted leave to amend Counts 11 through 14. Plaintiffs cannot reassert Count 15 against the State (or its agencies) in an amended pleading. Plaintiffs have thirty (30) days to file a second amended complaint consistent with this Opinion. If Plaintiffs fail to do so, Counts 11 through 14 will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: October 20, 2020

_____
John Michael Vazquez, U.S.D.J.