**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY MOE, *whose initials are K.O.*,
JANE DOE, *whose initials are I.P., a minor by her Guardian ad Litem K.O.*, and K.O., *individually*,

       *Plaintiffs*,

   v.

TOWNSHIP of WOODBRIDGE, *et al.*,

       *Defendants*.

Civil Action No. 19-14139
(JMV) (JSA)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter arises from alleged police misconduct that led to the arrest and incarceration of Plaintiff Mary Moe, and subsequent intervention from the State of New Jersey Department of Children and Families' Division of Child Protection and Permanency (DCPP), which temporarily removed Moe's daughter, Jane Doe, from their home. Presently before the Court is a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") filed by Defendants State of New Jersey, Christine Norbut Beyer, Jacqueline Cardona, Haydee Zamora-Dalton, Carmen Diaz-Petti, and Keisha Ridley (collectively, the "State Defendants"). D.E. 27. The Court reviewed all the submissions in support and in opposition[1] and considered the motion without oral argument

---

[1] Defendants' brief in support of their motion is referred to as "Def. Br.," D.E. 49-1; and Plaintiffs' brief in opposition is referred to as "Opp. Br.," D.E. 50.

pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons discussed below, the motion to dismiss is **GRANTED.**

I.  **FACTUAL AND PROCEDURAL HISTORY**[2]

The Court included an extensive factual background in its October 20, 2020 Opinion (the "Prior Opinion") dismissing Plaintiffs' First Amended Complaint ("FAC"), and incorporates that background by reference here.  For the most part, the facts alleged in the FAC remain unchanged in the SAC.  The crux of Plaintiffs' Complaint – relevant to the present motion – is that Doe was unlawfully taken from Moe's custody by DCPP following Moe's unlawful arrest.  Defendants Ridley, Cardona, Zamora-Dalton, Diaz-Petti, and Norbut Beyer (collectively, the "Individual Defendants") are alleged to have been DCPP employees at all relevant times.  SAC ¶¶ 35-39.  They are sued in both their individual and official capacities.  *Id.*

Plaintiffs filed a Complaint on June 21, 2019, D.E. 1, and a FAC on October 14, 2019, D.E. 12.  Defendants moved to dismiss the FAC on March 19, 2020, D.E. 27, which this Court granted, D.E. 37, 38.  Plaintiffs filed the SAC on November 20, 2020.  D.E. 42.  Defendants now move to dismiss the SAC, D.E. 49, which Plaintiffs oppose, D.E. 50.

II.  **LEGAL STANDARDS**

   A.  **Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss based upon sovereign immunity is properly brought pursuant to Rule 12(b)(1) because sovereign immunity implicates the Court's subject-matter jurisdiction.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State*

---

[2] The facts are derived from the SAC.  D.E. 42.  When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.")). In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). When a defendant does "not challenge the validity of any of the Plaintiff['s] factual claims as part of its motion," it has brought a facial challenge. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

Here, the State Defendants assert the defense of sovereign immunity through their motion to dismiss – "before [they] filed any answer to the Complaint or otherwise presented competing facts" – which renders it a facial attack. *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## B. Federal Rule of Civil Procedure 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a

defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   ANALYSIS

Before turning to the merits, the Court notes that it had difficulty construing certain portions of the SAC. Plaintiffs place brackets around some text and underline other text, yet they provide no explanation as to what the brackets and underlining indicate. The Court also notes that Plaintiffs' opposition brief attached as an exhibit what they purport to be the SAC. Instead of citing to the operative pleading filed on the docket at D.E. 42, Plaintiffs' brief cites to its own Exhibit A. As far as the Court can discern, Exhibit A seems to be identical to the SAC; however, the Court cannot be sure. Plaintiffs have also defied this Court's previous order by reasserting a § 1983 claim against the State of New Jersey in Count Sixteen.

### A. § 1983 Claim (Count Sixteen)

Count Sixteen is entitled "Monell Claim, Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in Violation of the Fourth, Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1981." The SAC indicates that this claim is brought "(Against Defendants [STATE OF NEW JERSEY and/or]³ GHI CORP 1-10)." As explained above, the Prior Opinion ordered that Plaintiffs could not reassert a § 1983 claim against the State of New Jersey. Although Plaintiffs argue in their opposition brief that Count Sixteen is brought against the Individual Defendants in their supervisory and individual capacities, "it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). The Prior Opinion further instructed that *Monell* liability does not reach a state or its agencies, yet Plaintiffs continue to label this Count as a *Monell* claim. Prior Op. at 6 n.6. Count Sixteen is dismissed.

### B. Tort Claims (Counts Eleven through Fifteen)

Counts Eleven through Fifteen of the SAC are rooted in negligence. Each Count is brought against a different Individual Defendant and alleges that the relevant Individual Defendant "failed to comply with the New Jersey Department of Children and Families Polices." SAC ¶¶ 168, 172, 177, 182, 187. Plaintiffs make only general allegations of these failures – no actual Department of Children and Families policies are cited. For example, Ridley allegedly failed to "[e]ncourage partnership with the resource family parents" and to involve Moe "in decisions having a significant impact on the child, as well as routine matters." *Id.* ¶ 168. Cardona allegedly failed to supervise Ridley and to "make sure [Moe] was treated with respect and in a fair and professional manner,"

---

³ This is an example of the bracketing that the Court had difficulty interpreting.

5

among other shortcomings. *Id.* ¶ 172. The allegations concerning the remaining Individual Defendants are of a similar nature.

The only specific allegation – brought against Ridley – is that she failed to comply with N.J. Admin. Code § 10:122D-2.4(a)(2). That provision provides as follows:

> The Division representative shall have face-to-face and other contact with the child, out-of-home placement provider, parent and other interested parties according to N.J.A.C. 10:133D-2 and which is written in the case plan in order to . . . [p]rovide advocacy and support services to all parties, within program and fiscal parameters.

N.J. Admin. Code § 10:122D-2.4(a)(2).

Defendants argue that Plaintiffs' tort claims must be dismissed pursuant to Federal Rule of Civil Procedure 8(a) because Plaintiffs have failed to plead any factual allegations to support their claims. Def. Br. at 31. The Court agrees.[4] Federal Rule of Civil Procedure 8(a)(2) "requires that a pleading contain 'a short and plain statement of the claim showing the pleader is entitled to relief' sufficient to give the defendant fair notice of the claim and the grounds upon which it rests." *In re Riddell Concussion Reduction Litig.*, 77 F. Supp. 3d 422, 430-31 (D.N.J. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Phillips*, 515 F.3d at 232 (citing *Twombly*, 550 U.S. at 555 n.3). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* at 233 (quoting *Twombly*, 550 U.S. at 555 n.3).

The SAC includes few allegations relevant to Counts Eleven through Fifteen. Plaintiffs allege that Doe "was unlawfully taken from her mother" by DCPP for approximately three months. SAC ¶ 11. Additionally, Plaintiffs allege that, as a result of the misconduct of other Defendants

---

[4] The Court also determined in the Prior Opinion that the FAC failed to sufficiently allege facts to support Plaintiffs' tort claims (among other issues with improper group pleading). Prior Op. at 9.

6

who are not parties to the present motion, DCPP "remove[d] infant Plaintiff [Doe] from the comfort and care of her mother." *Id.* ¶ 84. The remaining portions of the SAC relevant to Counts Eleven through Fifteen contain only conclusory allegations. *See, e.g., id.* ¶ 167 (Ridley "had a duty not to remove and/or failed to return minor Plaintiff [Doe] to her mother"); *id.* ¶ 179 ("Defendant STATE OF NEW JERSEY . . . , its agents, servants and/or employees were negligent and acted in an unreasonable manner"); *id.* ¶ 196 ("Defendants breached their duty to the Plaintiffs and were negligent and acted unreasonably in the hiring, training, supervision and/or retention of Defendants").

The SAC fails to plausibly plead a cause of action in Counts Eleven through Fifteen. There are simply no well-pleaded facts from which the Court can reasonably infer that the Individual Defendants were negligent or otherwise committed torts against Plaintiffs. Counts Eleven, Twelve, Thirteen, Fourteen and Fifteen are dismissed.[5]

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. Plaintiffs' § 1983 claim as against Defendant State of New Jersey (Count Sixteen) is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). It must be dismissed without prejudice because the Court lacks subject-matter jurisdiction as to the State. Plaintiffs are strongly cautioned that they cannot reassert a § 1983 claim against the state or its agencies in an amended pleading. Counts Eleven, Twelve, Thirteen, Fourteen, and Fifteen are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs shall have *one* additional opportunity to plead their claims. The Court is reluctant to grant Plaintiffs an

---

[5] In light of the foregoing analysis, the Court does not reach the additional arguments raised by Defendants.

7

additional opportunity because Plaintiffs are represented by experienced counsel and have disregarded the shortcomings of Plaintiffs' pleading that the Court detailed in the Prior Opinion. Plaintiffs shall have thirty (30) days to file a third amended complaint, which cures the deficiencies noted herein. If Plaintiffs do not do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: August 17, 2021

                                                       John Michael Vazquez, U.S.D.J.