<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY MOE *whose initials are K.O.*, JANE DOE, *whose initials are I.P., a minor by her Guardian ad Litem K.O., and* K.O*., individually*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>TOWNSHIP of WOODBRIDGE, *et al.*,<br><br>   *Defendants*. | Civil Action No. 19-14139<br><br>**<u>OPINION</u>** |

**<u>John Michael Vazquez, U.S.D.J.</u>**

  This matter arises from alleged police misconduct that led to the arrest and incarceration of Plaintiff K.O., and the subsequent intervention of the New Jersey's Division of Child Protection and Permanency ("DCPP"), which temporarily removed K.O.'s daughter, I.P., from K.O.'s home and custody. Presently before the Court is a motion to dismiss a portion of Plaintiffs' Third Amended Complaint ("TAC") filed by Defendants Christine Norbut Beyer, Jacqueline Cardona, Haydee Zamora-Dalton, Carmen Diaz-Petti, and Keisha Ridley (collectively, the "State Defendants"). D.E. 68. The Court reviewed all the submissions in support and in opposition[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, the motion to dismiss is **GRANTED with prejudice.**

---

[1] The State Defendants' brief in support of their motion is referred to as "Def. Br.," D.E. 68-1. Plaintiffs' opposition brief is referred to as "Opp. Br.," D.E. 72. The State Defendants' reply brief is referred to as "Def. Reply," D.E. 75-1.

I.  **FACTUAL AND PROCEDURAL HISTORY**[2]

The Court included an extensive factual background in its October 20, 2020 Opinion, D.E. 37, dismissing Plaintiffs' First Amended Complaint ("FAC"), D.E. 12, and incorporates that background by reference here. For the most part, the facts alleged in the FAC and the Second Amended Complaint ("SAC"), D.E. 42, remain unchanged in the TAC. As a result, the Court recounts only the new factual allegations in Plaintiffs' most recent pleading.

The State Defendants, Ridley[3], Cardona, Zamora-Dalton, Diaz-Petti, and Norbut Beyer, were DCPP employees at all relevant times. TAC ¶¶ 35-39. Plaintiffs recount that on June 21, 2018, after K.O.'s alleged improper arrest and detainment, the DCPP removed I.P. from K.O.'s home and placed I.P. in a relative's custody. *Id.* ¶ 83. K.O. was released seven days after arrest. *Id.* ¶ 84. K.O. asked the DCPP to return I.P., but the DCPP did not do so until September. *Id.* While I.P. was out of K.O.'s custody, the DCPP never contacted K.O. *Id.* ¶ 85. Plaintiffs add a further litany of omissions on the State Defendants' part; specifically, that they

> failed to maintain contact with [K.O.], failed to provide [K.O.] with the progress of the case, never provided advocacy or support services to [K.O.], never encouraged a partnership with the resource family parent, never involved [K.O.] in any decisions concerning her child, never advised [K.O.] of her rights and responsibilities, never updated [K.O.] on the progress of achieving the case goal, never maintained contact with [K.O.], failed to hold a hearing within 30 days to re-address the order of removal[.]

*Id.* ¶ 86.

---

[2] The facts are derived from the TAC. D.E. 53. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Ridley's name is spelled as "Ridly" in the TAC. *E.g.*, D.E. 53.

In the section of the TAC devoted exclusively to the claims against the State Defendants, Plaintiffs allege that the State Defendants had a duty "to properly investigate and/or follow up and/or timely return minor Plaintiff I.P." to her mother's custody. *Id.* ¶¶ 170, 176, 182, 188, 194. Plaintiffs further assert that the State Defendants "negligently, carelessly, recklessly and/or intentionally breached [their] duty to Plaintiffs" by failing to follow principles stated in the New Jersey Department of Children and Families Policy Manual ("NJCFPM"). *Id.* ¶¶ 171, 177, 183, 189, 195. Plaintiffs cite to several NJCFPM policies and provisions of the New Jersey Administrative Code that the State Defendants allegedly violated. *Id.* Lastly, Plaintiffs allege that the State Defendants' negligence injured Plaintiffs, and that Plaintiffs will be "compelled to spend great and diverse sums of money for medical aid and treatment" and "will be prevented from attending to their usual occupation, duties, activities, and business." *Id.* ¶¶ 174, 180, 186, 192, 198.

Plaintiffs filed a Complaint on June 21, 2019, D.E. 1, and an FAC on October 14, 2019, D.E. 12. Defendants moved to dismiss the FAC on March 19, 2020, D.E. 27, which this Court granted, D.E. 37, 38. Plaintiffs filed the SAC on November 20, 2020. D.E. 42. Defendants moved to dismiss the SAC on January 20, 2021, D.E. 49, which this Court granted, D.E. 51, 52. On September 15, 2021, Plaintiffs filed the TAC. D.E. 53. Defendants move once again to dismiss, D.E. 68, which Plaintiffs oppose, D.E. 72.

## II.  LEGAL STANDARD

Federal Rule of Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on

its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### III. ANALYSIS

Counts Eleven through Fifteen of the TAC are rooted in negligence. Each Count is brought against a different one of the State Defendants and alleges that the relevant Defendant failed to follow the "guiding principles" and specific policies and procedures of the New Jersey Department of Children and Families or New Jersey Administrative Code. TAC ¶¶ 171, 177, 183, 189, 195. The State Defendants again argue that Plaintiffs' tort claims must be dismissed because Plaintiffs still fail to plead the necessary factual allegations to support their claims. Def. Br. at 31.

The Court agrees that the TAC still presents scant factual allegations relevant to Counts Eleven through Fifteen. Plaintiffs allege that DCPP removed I.P. from the "care and custody of her mother" and did not return her "until early September 2018 despite numerous requests" to DCPP. TAC ¶¶ 83-84. The remaining portions of the TAC relevant to Counts Eleven through

Fifteen contain only conclusory allegations that are not entitled to a presumption of truth. *See id.* ¶¶ 86, 171, 177, 183, 189, 195; *Baraka*, 481 F.3d at 211.

Plaintiffs emphasize that they now cite to individual policies from the New Jersey Department of Children and Families and provisions from, among other things, the NJCFPM. *E.g.*, TAC ¶ 177; *see* Opp. Br. at 21. Although the TAC provides those citations, Plaintiffs' pleading still misses the mark insofar as it does not meaningfully substantiate the claims against the State Defendants with sufficient facts. Without adequate factual allegations, "a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 555 n.3). Plaintiffs' conclusory allegations fall well short of meeting the plausibility requirement. Again, a complaint must be pled in such manner as to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs' conclusory allegations, which are not entitled to a presumption of truth, are too general and nonspecific to draw such inferences from. Rather, they remain "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In conclusion, the TAC still lacks well-pleaded factual allegations from which the Court can reasonably infer that the State Defendants committed torts against Plaintiffs. Counts Eleven, Twelve, Thirteen, Fourteen, and Fifteen are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

---

[4] In light of the foregoing analysis, the Court does not reach the additional arguments raised by Defendants regarding the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1, *et seq*.

## IV.     CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss is granted.  The Court indicated in its previous opinion that this dismissal would be with prejudice if Plaintiffs failed to cure the deficiencies noted therein.  D.E. 51 at 7-8.  As a result, Counts Eleven through Fifteen are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  An appropriate Order accompanies this Opinion.

Dated: June 27, 2022

                                                      John Michael Vazquez, U.S.D.J.