Alan J. Baratz, Esq.
Attorney I.D. No: 031451982
**WEINER LAW GROUP LLP**
629 Parsippany Road, P.O. Box 438
Parsippany, NJ 07054-0438
Phone: (973) 403-1100    Fax: (973) 403-0010
Attorneys for defendants, Township of Woodbridge, Captain Scott Kuzma, Police Director Robert Hubner, and Deputy Police Director Joseph Nisky
**Our File No: 88742**

5053383v1  88742 statemen of facts ajb 9-3-2024

| | |
|---|---|
| KATIRIA ORTIZ, MARY MOE whose initials are K.O., JANE DOE, whose initials are I.P., a minor by her Guardian ad Litem KATIRIA ORTIZ, K.O. and KATIRIA ORTIZ, K.O., Individually,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF WOODBRIDGE, its agents, servants and/or employees, DETECTIVE JUAN CARLOS BONILLA, JR., in his official and individual capacity, DETECTIVE BRIAN JAREMCZAK, in his official and individual capacity, DETECTIVE SHAYNE BODNAR, in his official and individual capacity, DETECTIVE PARTRICK HARRIS, in his official and individual capacity, DETECTIVE NICOLE HUBNER, in her official and individual capacity, PATROLMAN JEIAN RASTEGARPANAH, in his official and individual capacity, CHIEF LAW ENFORCEMENT OFFICER CAPTAIN SCOTT KUZMA, ROY HOPPOCK in his official supervisory and individual capacity, DEPUTY POLICE DIRECTOR JOSEPH NISKY, in his official supervisory and individual capacity, POLICE DIRECTOR ROBERT HUBNER, in his official supervisory and individual capacity, et al,<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION No: 2:19-cv-14139<br><br>**STATEMENT OF MATERIAL FACTS SUPPORTING SUMMARY JUDGMENT** |

Defendants, Township of Woodbridge, Captain Scott Kuzma, Police Director Robert Hubner and Deputy Police Director Joseph Nisky offer pursuant to Fed. R. Civ. P. 56.1 all of the following statements

WEINER LAW GROUP LLP
Attorneys at Law
629 Parsippany Road
P. O. Box 438
Parsippany, NJ
07054-0438
973-403-1100

of material fact supporting their entitlement to summary judgment, and to the dismissal of plaintiff's Complaint with prejudice.

1. The Township of Woodbridge is a public entity as defined in N.J.S.A. 59:1-3, and hence the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. defines the parameters within which recovery for non-constitutional, tortious injury may be had against the Township of Woodbridge.

2. Defendants, Captain Scott Kuzma, Police Director Robert Hubner, and Deputy Police Director Joseph Nisky were public employees as defined in N.J.S.A. 59:1-3, and hence the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. defines the parameters within which recovery for non-constitutional, tortious injury may be had against those defendants.

3. Woodbridge Township Police Director Robert Hubner and Deputy Police Director Joseph Nisky held civilian, non-law enforcement positions with the Township of Woodbridge in 2018, and neither of those civilian executives, nor Chief Law Enforcement Officer, Captain Scott Kuzma, had any operational involvement in the execution of the Search Warrant at 124 Ademecs Way in South Amboy, or in the arrest of plaintiff, Katiria Ortiz on June 21, 2018. (Certification of Scott Kuzma, paragraphs 6 – 8, Exhibit "H" to Baratz Declaration).

4. Captain Roy Hoppock was the Chief Law Enforcement Officer of the Woodbridge Township Police Department in 2017, he retired December 31, 2017, and defendant, Captain Scott Kuzma became the Chief Law Enforcement Officer of the Woodbridge Township Police Department on January 1, 2018. (Certification of Scott Kuzma, paragraphs 2 – 5, Exhibit "H" to Baratz Declaration).

5. Upon agreement of counsel, all claims pled against Roy Hoppock as Chief Law Enforcement Officer were voluntarily dismissed. (Answer to Third Amended Complaint [ECF 54] at pp. 2 – 3, Exhibit "B" to Baratz Declaration).

WEINER LAW GROUP LLP
Attorneys at Law
629 Parsippany Road
P. O. Box 438
Parsippany, NJ
07054-0438
973-403-1100

6. The individually named defendant officers of the Woodbridge Township Police Department, who were involved in the execution of the Search Warrant at 124 Adamecs Way in South Amboy and in the arrest of plaintiff, Katiria Ortiz on June 21, 2018 were members of the Woodbridge Township Police Department's Special Investigations Unit, which in June of 2018 was supervised by Captain Brian Murphy. (Certification of Scott Kuzma at paragraph 8, Exhibit "H" to Baratz Declaration).

7. All allegations of "Denial of Medical Care" in the Second Count of plaintiff's Third Amended Complaint alleging violations of the Fourteenth Amendment to the United States Constitution are grounded in conduct claimed to be intentional, willful, malicious, or to have been accomplished in wonton disregard for plaintiff's rights. (Third Amended Complaint [ECF 53] at paragraphs 116 – 120, Exhibit "A" to Baratz Declaration).

8. Plaintiff's claims of "False Imprisonment" memorialized in the Third Count of her Third Amended Complaint reference intentional conduct described as malicious and willful, and as having been committed with wanton disregard for her constitutional rights. (Third Amended Complaint [ECF 53] at paragraphs 121 – 128, Exhibit "A" to Baratz Declaration).

9. Plaintiff's allegations of "Assault and Battery" as pled in the Fourth Count of her Third Amended Complaint raise claims against named defendant law enforcement officers of criminal conduct or willful misconduct.

10. Plaintiff's allegations of "Sexual Assault" in the Fifth Count of her Third Amended Complaint raise claims against named defendant law enforcement officers of criminal conduct or willful misconduct.

11. Plaintiff's allegations of "Intentional Infliction of Emotional Distress" as memorialized in the Eighth Count of her Third Amended Complaint raise claims against named defendant law enforcement officers of criminal conduct or willful misconduct.

WEINER LAW GROUP LLP
Attorneys at Law
629 Parsippany Road
P. O. Box 438
Parsippany, NJ
07054-0438

973-403-1100

12. Plaintiff has not identified any alleged proclamation, policy or edict by the Township's Chief Law Enforcement Officer, Police Director or Deputy Director that she claims to have caused or contributed to any violation of her constitutional rights as alleged in her Third Party Complaint. (Plaintiff's certified answer to Interrogatory No. 24, Exhibit "C" to Baratz Declaration).

13. Plaintiff has failed to identify any facts supporting a claim that the alleged violations of her constitutional rights occurred as a result of any official policy of the Township of Woodbridge or its policymakers. (Plaintiff's certified answer to Interrogatory No. 22, Exhibit "C" to Baratz Declaration).

14. Plaintiff has not identified any prior incidents of alleged misconduct on the part of any sworn law enforcement officer of the Township of Woodbridge as supporting her claim that any alleged violation of her constitutional rights occurred as a result of an unofficial custom within the Woodbridge Township Police Department. (Plaintiff's certified answers to Interrogatories No. 18 and 22, Exhibit "C" to Baratz Declaration).

15. Other than her claim that police reports concerning her arrest "were false," plaintiff has offered no facts to support the allegation that there was an inadequacy in training of members of the Woodbridge Township Police Department, which inadequacy amounted to deliberate indifference on the part of the Township of Woodbridge or its policymakers to the rights of persons with whom members of the Woodbridge Township Police Department came in contact at any time relevant to the allegations in her Third Party Complaint. (Plaintiff's certified answer to Interrogatory No. 21, Exhibit "C" to Baratz Declaration).

16. In 2018 directives on law enforcement policies and procedures promulgated by the Office of the Attorney General of the State of New Jersey or the Office of the Middlesex County Prosecutor were disseminated to local law enforcement and received by the Office of the Woodbridge Township Police Director, who thereupon established Woodbridge Township Police Department policies and procedures

WEINER LAW GROUP LLP
Attorneys at Law
629 Parsippany Road
P. O. Box 438
Parsippany, NJ
07054-0438

973-403-1100

consistent with those directives, which policies and procedures were then distributed to members of the Department, and any required training on those policies and procedures was implemented by the Department's Training Unit commanded by Captain Brian Murphy. (Certification of Scott Kuzma at paragraph 9, Exhibit "H" to Baratz Declaration).

17. Dating back to 2016 the Woodbridge Township Police Department offered its officers quarterly training such that any directive from the Office of the Attorney General or County Prosecutor would be immediately communicated by the Police Director to all members of the Department, who would be mandated by a special order to complete training on the subjects by a date certain. (Training Officer Polhamus' deposition at p. 35, l. 12 – p. 39, l. 3, Exhibit "G" to Baratz Declaration).

18. The Woodbridge Township Police Department at all times relevant to the allegations in plaintiff's Third Amended Complaint maintained policies and procedures addressing arrest, search and seizure and use of force, and maintained records of its officers' training over the period of 2014 through 2019 on those policies and procedures, and other law enforcement subjects. (Township's answers to plaintiff's Interrogatories Nos. 4, 5, and 12, and Training Breakdowns from 2014 – 2019 Bates stamped WPD TRAINING 1 – 15, Exhibit "D" to Baratz Declaration).

19. The alleged training deficiencies cited by plaintiff's proposed expert are limited to Sergeant Bodnar not being "trained for supervision in narcotics," and Detective Bonilla "appear[ing] to have no training on [bail reform]." (Oswald Report at pp 32 – 33, Exhibit "F" to Baratz Declaration).

20. No facts have been revealed in discovery demonstrating deliberate indifference on the part of the Township of Woodbridge or its policymakers to a sergeant in the Special Investigations Unit of its Police Department not receiving training on supervision in narcotics investigations.

21. Woodbridge Township Detective Juan Carolos Bonilla, Jr., who signed the Complaint Warrant charging plaintiff with various criminal offenses resulting in her June 21, 2018, arrest received

WEINER LAW
GROUP LLP
Attorneys at Law
629 Parsippany Road
P. O. Box 438
Parsippany, NJ
07054-0438

973-403-1100

training in bail reform in 2016. (Township's August 21, 2023 supplement to discovery and appended documents Bates stamped ORTIZ BAIL TRAINING 1 – 14, Exhibit "I" to Baratz Declaration).

> WEINER LAW GROUP LLP
> Attorneys for defendants, Township of Woodbridge, Captain Scott Kuzma, Police Director Robert Hubner and Deputy Police Directory Joseph Nisky
>
> By: _____
> Alan J. Baratz, Esq.
> A Member of the Firm

Dated: 9/4/24

WEINER LAW
GROUP LLP

Attorneys at Law

629 Parsippany Road
P. O. Box 438
Parsippany, NJ
07054-0438

973-403-1100